UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JUSTIN B.,[1] | ) |
|       Plaintiff, | ) ) ) |
|       v. | ) )   No. 3:25-cv-00052-RLY-CSW |
| FRANK BISIGNANO, | ) ) ) |
|       Defendant. | ) |

**ENTRY ON PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Justin B., suffers from a variety of mental health disorders, including schizophrenia and social anxiety disorder, as well as neuroleptic induced Parkinsonism. He filed a request for judicial review of the final decision of the Commissioner of the Social Security Administration denying his Title II application for a Period of Disability and Disability Insurance Benefits and denying his Title XVI application for Supplemental Security Income. The court referred the matter to the Magistrate Judge, who recommends that this court affirm the Commissioner's decision. Plaintiff objects.

**I.      Standard of Review**

The court reviews the ALJ's decision *de novo* to ensure that it applies the correct legal standard and is supported by substantial evidence. *Stephens v. Berryhill*, 888 F.3d

---

[1] To protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

323, 327 (7th Cir. 2018).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).  The court's review is deferential; it may not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner."  *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).  So long as the ALJ has relied on reasonable evidence and built a logical and accurate bridge between the evidence and the conclusion, the decision must stand.  *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014).

**II.     Discussion**

The issue before the Magistrate Judge was whether the ALJ's failure to consider Dr. Radnovich's opinions in formulating his residual functional capacity ("RFC") was reversible error.  (Dkt. 14 at ECF. p. 4).

Plaintiff's treating psychiatrist, Dr. Alexander Radnovich, opined, among other things, that Plaintiff would be expected to miss more than three days of work per month due to his impairments, and his symptoms would be expected to "frequently" interfere with attention and concentration.  (Dkt. 11-9 at ECF p. 609).  The vocational expert testified that either of these limitations would be work-preclusive.  (Dkt. 11-2 at ECF p. 42).

An ALJ may not disregard an entire line of evidence.  *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).  But an ALJ may discount a treating physician's medical opinion if: (1) the opinion "is inconsistent with the opinion of a consulting physician" or (2) the

2

opinion "is internally inconsistent, as long as [the ALJ] minimally articulates his reasons for crediting or rejecting evidence of disability." *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) (quoting *Skarbek v. Barnhart,* 390 F.3d 500, 503 (7th Cir. 2004)).

In his decision, the ALJ stated:

> The opinions of Dr. Radnovich are not persuasive. The opinions are not internally consistent with contemporaneous treatment or examination notes, as well as not generally supported by the evidence. For example, the claimant showed normal attention and concentration at an August 2022 psychological consultative examination and the longitudinal medical record did not objectively document recurring deficits in attention or concentration throughout the normal course of outpatient mental health treatment. Furthermore, the claimant's most recent psychiatric notes from Dr. Radnovich as well as his psychotherapy notes throughout 2023 have recorded the claimant with improvement in his mental health, including logical thought processes, intact associations, no hallucinations, rare presence of delusion and no paranoia. (Exhibits 30F/3, 8, 12, 19; 38F; 40F) and, per his psychotherapist, behavior, insight, and judgment within normal limits. (Exhibits 30F/12, 15, 18; 40F/21, 24, 27, 30, 33, 37, 41, 44, 48, 51, 54, 58, 61, 65, 68, 72, 76, 80, 84).

(Dkt. 12-2 at ECF p. 18). The Magistrate Judge concluded that the ALJ minimally articulated why he rejected Dr. Radnovich's opinions. (Dkt. 18 at ECF p. 8). She reasoned:

> The ALJ found that Dr. Radnovich's opinions were "not persuasive" because they "are not internally consistent with contemporaneous treatment or examination notes, as well as not generally supported by the evidence." (*Id*. at p. 18). The ALJ provided several examples, including Dr. Radnovich's opinion's inconsistency with single examination reports and longitudinal data on Claimant's attention and concentration. (*Id*.). Further, the ALJ noted progress reported by Dr. Radnovich himself, again on a singular occasion and longitudinally, which support the ALJ's overall finding that Claimant's mental health differs from that reported in Dr. Radnovich's opinion. (*Id*.).

(Dkt. 18 at ECF p. 8).

On appeal, Plaintiff objects to the Magistrate Judge's Report and Recommendation ("R&R"), arguing the ALJ failed to minimally articulate his reasons for discounting Dr. Radnovich's opinions. The court disagrees. The ALJ explained that Dr. Radnovich's opinions were not persuasive; they were internally inconsistent and unsupported by the evidence. The ALJ supported his decision with citations to the record. Accordingly, the ALJ satisfied the minimal articulation requirement.

### III.   Conclusion

For the reasons explained above, the court **OVERRULES** Plaintiff's Objection and **ADOPTS** the Magistrate Judge's R&R (Dkt. 18). The Commissioner's decision denying benefits is **AFFIRMED**. Judgment shall issue by separate Order.

**IT IS SO ORDERED** this 9th day of February 2026.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.